Appellate by Randy Smith v. Dennis Fretts Appellate by Thomas Helleburg Mr. Smith? Good morning everyone. May it please the Court, Counsel, my name is Bradley Smith and I represent the Appellant, ABF Freight Systems, in the Instant Appeal from the Circuit Court of Kankakee County's dismissal of ABF's civil claims against Mr. Fretts. The Circuit Court Judge, Kendall Winzelman, dismissed ABF's claim as a matter of law pursuant to 735 ILCS 52-619 of the Illinois Code of Civil Procedure. Specifically, the dismissal was on the basis of collateral estoppel. That means that this Court's review is de novo and there's been plenty of case law cited in the briefs regarding the standard. The claims that were dismissed in the civil case are insurance fraud under the Illinois Code and common law fraud. The counts center around Mr. Fretts' alleged misrepresentations and deception in obtaining insurance benefits from ABF. Mr. Fretts relies on Arbitrator Thompson Smith's decision in the Workers' Comp case of November 8, 2012 that receipt of lost time benefits did not constitute fraud under Section 25.5A of the Act. However, it's our position that the Arbitrator did not rule on insurance fraud or common law fraud. From the outset, it will be important that this Court note the differences between the Workers' Compensation finding by the Arbitrator of no fraud pursuant to Section 25.5A of the Act and the instance civil counts against Mr. Fretts of insurance fraud and common law fraud. Alternatively today, this Court may also be required to apply equity to the incident caused to promote fairness and allow ABF to proceed with its claim against Mr. Fretts. After all, collateral estoppel is based in equity and thus this Court has already considered equitable doctrination today. Despite Mr. Fretts' arguments in his brief to the contrary, the first element of collateral estoppel is not met here, as the issue in the Workers' Comp arbitration is not identical to the issue of fact to be decided here. Distinguishable from the incident issues, the Arbitrator in the underlying Workers' Comp case only addressed whether receipt of the total temporary disability benefits while collecting a salary from another employer constituted fraud under Section 25.5A of the Illinois Workers' Comp Act. It is clear that the Arbitrator did not address whether Mr. Fretts' alleged false statements regarding his physical restrictions constituted fraud. Further, the Arbitrator did not rule on whether receipt of the total temporary disability under false and fraudulent circumstances prior to secretly returning to work for the alternative employer that he was working for at the time. Lastly, the Arbitrator did not address whether Mr. Fretts committed fraud by allegedly making misrepresentations of the scope of his injuries to his treating physicians. Defendant cites the record from the arbitration hearing in his brief insinuating ABS Workers' Comp counsel intended to have the Arbitrator decide all fraud issues, but a review of the record indicates that counsel was relinquishing the Workers' Comp fraud claim to the Arbitrator, but he also referenced that he was only rendering the Workers' Comp fraud issue to the Arbitrator for the decision and would be amending the civil court complaint, not withdrawing and dismissing it entirely. Conveniently, Defendant argues without citing to the record that ABS' allegations of its civil fraud claims based on Fretts' misrepresentations of the nature and extent of his injuries and limitations were part of the Arbitrator's decision, when they weren't. In doing so, he relies on the Arbitrator's statement that, Respondent is not proven by a preponderance of the evidence that the Petitioner committed a fraudulent act, and that's in the record 237. Instead, the Arbitrator did not rule on civil frauds presented in the instant case. Defendant also incorrectly seeks to apply residue decada to the instant issue of insurance fraud and common law fraud by glossing over the factual elements of the civil claim and simply stating that the Work Comp fraud in the Work Comp case arose from a single group of operated facts. We know that's not the circumstance here. We have separate claims in the civil case, and the trial court judge even dismissed the residue decada argument as a memorandum opinion he issued on the motion to dismiss, which was filed in the civil case. Also, the civil insurance fraud claim and the common law fraud claim arise from Mr. Fretz's misrepresentations regarding his injuries, and the Worker's Comp fraud claim arose from his receipt of the total temporary disability benefits while working for another employer. That was the specific framing of the issue by the Arbitrator from our reading of the record. These are unquestionably separate acts of fraud. The Arbitrator's non-finding of fraud under the Act 25.5, specific to those factual issues that were presented, versus insurance fraud and common law fraud, which generally are brought in the circuit courts in Illinois. Now, the Illinois Work Comp Commission, as we all know, is an administrative agency and has no general common law powers. And there's been plenty of case law cited to that in the briefs. Specifically, we cited interstate scaffolding versus Illinois Work Comp Commission. This means that any action taken by the Commissioner or an Arbitrator must be authorized under Illinois statute. Consequently, collateral estoppel does not apply here as the Illinois Work Comp Commission. We argue that the Illinois Work Comp Commission lacked jurisdiction to hear the insurance fraud and common law fraud claims. Although Fretz has requested this Court allow him to cite the Hollywood Trucking Incorporated case, for the proposition the Illinois Work Comp Commission has jurisdiction, it does not. Further, that opinion is from the Fifth District and is non-binding on this Court. We argue that this Court should give no weight to the Hollywood case. Additionally distinguishable, the Hollywood case relies on Section 18 of the Act regarding exclusivity in the Work Comp Commission. It doesn't specifically discuss, at least in my reading of it, it doesn't necessarily discuss the issues of common law fraud and insurance fraud that should properly be brought in the circuit court, as opposed to actions under the Workers' Comp Act. And that's the distinguishable difference. We've cited that even the Commission has acknowledged in the past in matters that it does not have jurisdiction over common law fraud claims. We cited specifically Cheville-Levige v. Ford, which the Work Comp number is 10-IWCC-12187. We've also cited Second District Appellate Court, which explained that the employer may seek recourse for workers' compensation and claim it's fraudulent conduct, but the appropriate form, and this is their direct quote, the appropriate form for its allegations is in the circuit court. That's the Smalley-Still-Ring case. It's worth noting that circuit courts generally have original jurisdiction under the Illinois Constitution. Accordingly, we argue that the circuit courts should have primary jurisdiction over common law fraud claims. This would only allow the types of cases to be referred to an administrative agency when one, the agency has a specialized or technical expertise that would help resolve the controversy, or two, when there's a need for uniform administrative standards, and that's cited in the Kellerman v. MCI matter. Here, the Work Comp Commission has neither of these as it relates to common law fraud claims as alleged in the civil complaint. Fraud is fraud. Courts of common law generally decide issues of fraud. Arguing in the alternative here today, in the unlikely event that this court applies collateral estoppel doctrine to the instant case and the instant civil claims, it should consider potential unfairness that will result to ABF, as it will be unable to pursue its insurance fraud and common law fraud claims in any form. Applying equity to collateral estoppel doctrine requires this court to consider the potential unfairness that will result if ABF is collaterally stopped in this civil matter. Importantly, this court, in determining whether estoppel should apply, must balance the need to limit litigation against the right to an adversarial proceeding in which a party is accorded a full and fair opportunity to present its case. Also potentially relevant is a party's incentive to litigate the issue in the prior action. ABF only needs to show that the original litigation was a sideshow rather than a struggle to the finish, and that's the American Family Mutual Insurance Company v. Sopekas, cited in our brief as well. In balancing that need to limit litigation against the right to an adversarial proceeding, in this court, according to ABF, the full and fair opportunity to present its insurance and common law fraud claims against Fred, this court should find that giving ABF the full opportunity to litigate the instant claims is of greater importance here. ABF has not had the full opportunity to litigate the instant claims of insurance fraud and common law fraud related to Mr. Fred's alleged misrepresentations and deceit regarding the extent and nature of his injuries. Therefore, allowing ABF to litigate these claims unquestionably outweighs any want for limitation on litigation. Even a cursory overview of the record demonstrates that ABF had little incentive to litigate insurance fraud and common law fraud before the arbitrator in the workers' comp case. In fact, it did not litigate those claims. It simply litigated Section 25.5A of the Illinois Work Comp Act, workers' comp fraud action related to receipt of the total temporary disability benefits as they related to Mr. Fred's allegedly having another job during that time period. The arbitrator hearing was not a full civil trial, which undeniably civil claims such as insurance fraud and common law fraud deserve. Instead, it was a simple finding by an arbitrator that no workers' comp fraud existed as related to 25.5A of the Act. The difference between insurance and common law fraud are distinctive from these types of fraud that the arbitrator distinctly found, or did not find. Indeed, the facts supporting the claims are different than the facts that were submitted in support of the workers' comp fraud claim before the Commission. Fred's assertion that the floodgates of litigation will open is an overstatement at the very least in his brief. That's not the case, because only companies that have a valid reason for asserting common law fraud against an employee would do so in the civil courts. Here, equity dictates that this Court should allow ABF to pursue its insurance and common law fraud claims in the Circuit Court. ABF now asks this Honorable Court to reverse and remand this matter to the Circuit Court for further proceedings. I reserve time for rebuttal, and thank you. Mr. Kelleher. Hey, Police Court. Counsel. I want to first speak about the collateral estoppel issue, which the trial court decided this is the underlying case on. And I think this is, in large part, I attempted to point this out in the briefs, but the collateral estoppel issue, which plaintiff is challenging right now, is really based upon their allegation that Mr. Fred's made misrepresentation of the nature and extent of his injury, the nature and extent of his disability. If you look at the pleadings both before the Workers' Comp Commission and the evidence before them, as well as the pleadings before the Circuit Court, those allegations of fraud are purely based upon a surveillance video taken by a private investigator of a plaintiff, ABF, where, through the testimony of that investigator and the showing of the video, there was evidence to suggest that Mr. Fred's was at an athletic club or gym, was lifting weights in excess of what his limitations or restrictions were, according to their own physician, or his own physician. With that being understood, the allegations with respect to fraud related to the nature and extent of injuries are exactly the same that were brought before the Commission in the form of ABF's motion for determination of workers' compensation fraud. I tried to do it in my brief, but when you compare those allegations to the allegations in the complaint before the Kankakee Circuit Court regarding, again, nature and extent of injury, nature and extent of disabilities, those allegations are completely the same. Mr. Kelleher, why does that matter, what was argued? For collateral estoppel, the only thing that matters is what the court, if you will, ruled on, whether or not the court made a finding on the issue that you're seeking to estop the other party on. And I keep looking at this arbitration award and I don't see anything about the issues that are represented in this case. I think it's a piece of the record that, from my review, is relevant, because I think it's something that is affirmatively put before the arbitrator in terms of the pleadings. It's affirmatively put before the arbitrator in terms of the evidence. The evidence at that commission hearing was the surveillance videos, which were viewed several times, the testimony by their investigator, Gluth, which spoke to those issues in terms of what he saw, and their doctor, who reviewed records, looked at that surveillance video, Dr. Mash, and gave testimony in terms of nature and extent of the injury. In the arbitrator's decision, I will acknowledge that he is discussing what ABF describes as Mr. Fretz's secret employment. But he concludes that he does not find any proof that Mr. Fretz committed a fraudulent act. And that was what was before him in terms of the pleadings and the evidence. But the question was, did Mr. Fretz commit a fraudulent act in accepting money for doing those two trucking runs that he did when he was receiving TTD? That's the fraudulent act that was being discussed. Well, it is a fraudulent act that's being discussed, but it's also, I think you need to, my suggestion would be you need to consider the arbitrator's decision in its entirety, where in conjunction with the motion for determination of fraud, the arbitrator was asked to consider, again, this extent and nature of injury, disability claim, the surveillance video. He reviewed the surveillance video. He discussed the surveillance video. And he does ultimately conclude that there's no fraudulent act. If I could ask a question, does the arbitrator have the power in a work comp arbitration to say, you know, I think this claim is fraudulent? Does he have the, can he say, and I think it was bogus from day one. So I'm ordering you to return to the employer all the TTD payments and even the medical bills they paid. I think it was all, none of it was legitimate. I order you to pay the employer back the TTD payments you received as well as the medical bills. Can the arbitrator do that? I think the arbitrator can. You know, under the Acts 25.5, Section 25.5, which, you know, if you look at ABS motion for determination of fraud, they're bringing that motion pursuant to that section, 25.5. And in that section, I don't have the actual paragraph. But in that section, it does indicate that the remedy will be three times whatever payments were fraudulently obtained. So in the case fraudulently obtained, you know, medical expenses, fraudulently obtained TTD. So three times whatever that amount is. In addition to two times not what was fraudulently obtained but what was attempted to be fraudulently obtained. As well as attorney's fees and expenses. So I believe that, you know, pursuant to the very provisions of the Workers' Compensation Act that were set up to deal with this type of issue, that not only do they have the authority, but there's more than a remedy for that particular circumstance. And if I could just speak to that for a moment, you know, in my mind, this is much more of a collateral estoppel issue. I think, you know, the circuit court was correct. But I think there is a legitimate argument here that this is a rest judicata issue as well. There is a case which I did not cite, but the plaintiff ABF cited in his briefs, and it's the Four Leaf case, T-H-O-R-L-I-E-F. And that was a rest judicata case. Basically there were two separate cases, one brought in Cook County, one brought in DuPage County. One was a breach of construction contract claim. The other was a mechanic's lien claim. And essentially the court went through a discussion of various case law regarding those two claims and came to the conclusion that it was recognized that those were essentially the same claims. And that rest judicata should apply ordinarily. Now in that case they went on to determine that there were some equity issues why they were not going to apply the technical rest judicata in that case. Equity issues that simply don't exist here. The equity issues there were in the subsequent proceeding that the defendant had answered the complaint, had raised affirmative defenses, had initiated in pretrial discovery, had never raised any objection to there being a second suit on this basis. The point is that I think that's what we have here. We have a fraud claim with the ability of a full remedy. And whether you want to call that fraud claim something else in circuit court, it's the same thing. Well let me ask, is there a subject matter jurisdiction issue? Sure. And I guess for example, if the employee tries to sue his employer in the circuit court for the injuries he received, they're going to say no, you can't do that. We know that, the law is clear. And if part of this act has remedies for fraud, is the same true in that? I do believe there was, and there is a jurisdiction issue here. In fact, the circuit court did find, it went on to rule on a collateral estoppel basis, but it did cite to the country insurance B. Roberts decision, that goes through an analysis of lack of jurisdiction for these types of cases. Country insurance, as you may recall, is a first district case. It was the exact same situation here where they brought, the defendant employer brought a third party complaint for fraud pursuant to the workers' compensation act, fraudulent concealment, fraudulent misrepresentations, insurance fraud, all tried to get that in front of the circuit court. And then what the first district did in that case was they looked at, again, the actual provisions of the workers' compensation act. In particular, section 18. Section 18 says, all questions arising under the act shall be determined by the commission. So they looked at that provision, and then they went to case law. And they considered both employer's mutual de-skilling, which is a Supreme Court decision on that issue, interpreting section 18, as well as the Hollywood trucking case, which is a fifth district case. In terms of employer mutual, as the country insurance case discussed, employer mutual determined that there will be concurrent jurisdiction for questions of law. So in the employer mutual case, the question of law had to do with the scope of coverage of a workers' compensation policy. The Supreme Court in that case determined that because that's a question of law, then that's something that is properly before the circuit court. But in making that decision, the Supreme Court also said that factual issues are left to the administrative agency, in this case the workers' compensation commission, to determine. So the country insurance had looked at that case, as well as Hollywood trucking. Hollywood trucking is a little similar to what's going on here. That was a case where there was an issue whether the petitioner employee had fraudulently misrepresented to medical professionals and to his employer his medical history. And again, the employer attempted to bring fraud claims based upon that alleged fraudulent misrepresentation in the circuit court. And again, we're relying on Section 18, sort of following employer mutual, the Supreme Court. The Fifth District decided, well, the circuit court just lacks jurisdiction for that. Under Section 18, the jurisdiction lies with the commission to decide these factual issues. And I think that's significant here, because really we have a case. You know, this is a disputed workers' compensation case. I mean, this is not a workers' compensation case where no one's disputing anything. But I mean, this is a fairly common workers' compensation case, where you have dispute as to nature and extent of injury. You have some surveillance video, which is not unusual in these cases. And you have competing or opposing medical testimony from the employer's doctors and the treaters and the employees' doctors. That's the dispute in this case. But my only point here is that these types of nature and extent issues are commonly decided in terms of the factual findings made by the commission and the arbitrators in these types of cases. And that's what was done here. And I think it's clear that these types of issues are within the exclusive jurisdiction of the commission. Section 25.5 lays out a sort of detailed remedy for any type of fraud that takes place with respect to these issues. And the last thing I'll say briefly is I don't think there's a conflict in the law. The Spalding Steel case is pretty clear that that's an isolated issue where the fraud was discovered after the workers' compensation proceeding was determined and after the appeal period had already run, and there was no way for the commission to really act on that fraud at that point. So the only remedy at that point was to go to circuit court. And I think that's an isolated issue, and I think that's completely consistent and can be harmonized with these other cases that are in the briefs that I've just discussed. Thank you, Mr. Kelly. And Mr. Smith, you have five minutes. Just a few points. When we're talking about the council reference, the motion within the arbitration proceeding, and the exact allegations regarding nature and extent of entries being presented before the Arbitration Commission, I think what's important to take from the arbitration is the arbitration hearing and the actual arbitrator's findings. We look at that, and he made no decision regarding the fraudulent misrepresentations that are alleged within the civil claims. That's for the collateral estoppel, because the facts are so different regarding those elements of fraud regarding the nature and extent of the claims. We would argue that there certainly is an issue, obviously, from the decisions that have been rendered. But the proposition here is that the circuit courts are courts of original jurisdiction under the Illinois Constitution, as we all know. And common law fraud generally is a claim that's brought within the circuit courts. That's who handles common law fraud. That's who handles insurance fraud under the Illinois statutes. The Illinois Work Comp Commission and the arbitrators, it seems, don't have the jurisdiction over that type of claim. Their exclusivity jurisdiction is, generally speaking, only for actions that come and fall under the Act or that are delegated to them by the legislature. That's how they get their power. So it's hard to say that civil claims that generally come up in the circuit courts, as far as with their original jurisdiction power, such as common law fraud, insurance fraud, that the Commission would have the actual exclusive jurisdiction over those types of actions. Now, related to counsel's res judicata argument, I think that it's clear here, even from the circuit court judge's opinion, memorandum of opinion, that we think he got this one right, as far as when he issued the opinion. These are different causes of action that are being brought here, which res judicata requires a similar cause of action. Different factual allegations here. These are allegations of misrepresentations regarding the nature and extent of these injuries. As they relate to common law fraud and insurance fraud. Res judicata can involve not only issues raised, but issues that could have been raised. Well, I think that's where the subject matter jurisdiction argument comes in, Your Honor. I think that's the issue here, is whether or not they have the power to hear the common law fraud claims. I mean, essentially, there is an insurance fraud claim here presented under the Illinois Statutory Code, but there is common law fraud as well. And as we know, common law fraud is something that's generally heard in the circuit courts, at least from my limited background as a lawyer under my young career here. So, res judicata, I think, would not apply to this situation, and I think the circuit court judge got that one right in his opinion. As far as discussing the case law, we've got country insurance, which I believe is a First District matter that I have in my notes, and Hollywood Trucking, which is a Fifth District case. That's non-binding on this court. I think this court holds the right to set, if it feels to pass up on the collateral estoppel argument, I feel that it has the right to set what the subject matter jurisdiction argument would be for this particular type of case. Specifically, in my research, and I don't think Council has found it either, a Third District opinion that touches on the issue of the subject matter jurisdiction that Your Honor brought up earlier, regarding the Work Comp Commission and these types of civil claims versus these types of civil claims. What's the Work Comp Commission's power? And we'd argue that they don't have the power to hear these types of civil claims. They have the power that's granted to them exclusively under the Act to hear certain things. 25.5 is one of those things, but the arbitrator made a decision on that. As far as the policy argument, we feel that the court should apply its ethical powers here and allow ADF to pursue these alleged claims of fraud against this particular individual. And we ask that this court reverse and remand the matter back to the Circuit Court to proceed against Mr. Fretz with these particular claims. We thank you for your time. I have a petition to add additional authority. And you have, I believe it's seven days, I'm going to double check with the clerk on your way out, to respond if you choose to. So we will stay in action on the motion until your response is filed. Again, if you choose to. Thank you both for your argument today.